Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roberto Morales, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Beachwalk Inc dba Burr White Property Management, and Jo-Otto LLC, | |
| Defendants. | |

Plaintiff Roberto Morales ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendants Beachwalk Inc dba Burr White Property Management ("Burr White") and Jo-Otto LLC ("Jo-Otto") (collectively "Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the dwelling / housing accommodation ("Accommodation") located at 2330 N Grand Avenue in Santa Ana, California, that Defendants own, operate, or otherwise control.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendant Jo-Otto owns, manages, and/or operates the Accommodation.

4. Defendant Burr White manages and/or operates the Accommodation on behalf of and

under the direction of Jo-Otto.

## THE ACCOMODATION

5.  The Accommodation is understood to be a building, structure, or portion thereof, which is intended for occupancy as a residence by more than one family located at the commonly known address 2330 N Grand Avenue in Santa Ana, California.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.  Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

8.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Accommodation is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

9.  Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

10. Plaintiff suffers from a serious medical condition as well as anxiety and post-traumatic stress disorder. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11. Plaintiff utilizes an assistance animal to address the challenges resulting from and to alleviate the symptoms of his disabilities. Plaintiff deals with the symptoms on a daily basis.

12. Plaintiff moved into Defendants' Accommodation in August of 2023.

13. Plaintiff pays his rent to Burr White, presumably on behalf of Jo-Otto.

14. Shortly after moving in, Burr White employees and/or agents, acting at the behest of Jo-Otto, began harassing Plaintiff regarding the presence of his assistance animal at the Accommodation.

15. Specifically, Burr White employees told Plaintiff that no animals of any kind whatsoever were allowed to live in the Accommodation because they have a strict "no pet" policy.

16. Plaintiff explained to those employees that his animal was not a pet, but rather an assistance animal necessary to accommodate his disabilities. The Burr White did not care and flippantly

told Plaintiff "no way" when Plaintiff told her that he was disabled and that his dog was an assistance animal. Moreover, in a shocking display of discrimination, the Burr White employee told Plaintiff that she would "have never moved you in" to the Accommodation and that he should "find a place elsewhere…" to live.

17. Plaintiff did his best to try to educate the Burr White employee about his rights under applicable federal law, but the Burr White employee refused to engage in any type of dialog with Plaintiff.

18. In attempt to bypass the Burr White employee that seemed determined to discriminate against his disabilities, Plaintiff contacted the Burr White office to again ask for an accommodation. Instead of responding to Plaintiff, the Burr White office apparently forwarded Plaintiff's message to the problematic Burr White employee, which has caused the employee to further harass and annoying Plaintiff regarding his tenancy.

19. In fact, the Burr White employee told Plaintiff that he could expect to receive an eviction notice because of the presence of Plaintiff's assistance animal.

20. Plaintiff understands that, as a result of his advocacy regarding his assistance animal, Burr White is now harassing and threatening Plaintiff's mother, who resides in a separate unit at the same apartment complex, despite the fact that Plaintiff's mother has absolutely nothing to do with Plaintiff's tenancy at the Accommodation.

21. As it presently stands, Plaintiff is under the very real fear of eviction as a result of Defendants' out-of-control efforts to discriminate against Plaintiff's disability and their refusal to provide a reasonable accommodation.

22. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

All Defendants

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

24. The Accommodation was and is a dwelling.

25. Plaintiff's animal was and is an assistance animal.

26. Plaintiff is handicapped.

27. Defendants rent and have rented out buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

28. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

29. Defendants have discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

30. Moreover, Defendants' actions constitute harassment.

31. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

32. Further, Defendants made a statement that indicated a preference, limitation, or discrimination, with respect to a rental dwelling, on a disallowed basis.

33. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

All Defendants

34. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

35. The Accommodation was and is a housing accommodation.

36. Defendant Jo-Otto owns buildings or structures, or a portion thereof, occupied as or

designed or intended for occupancy as a residence by one or more families, which Burr White rents or manage and/or operates on behalf of Jo-Otto.

37. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

38. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

39. Defendants have harassed Plaintiff on the basis of his disabilities.

40. Defendants have made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of his disabilities.

41. Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

42. Moreover, Defendants' actions constitute harassment.

43. Defendants have refused to provide a reasonable accommodation to Plaintiff.

44. Further, Defendants made a statement that indicates a preference, limitation, or discrimination, with respect to a rental of a housing accommodation, on a disallowed basis: specifically, disability.

45. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

46. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

All Defendants

47. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

48. The Accommodation is a business establishment.

49. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

50. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

51. Plaintiff was harmed.

52. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

53. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

54. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $50,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code §§ 52, 54 California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: October 17, 2023

Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff